## In re MARCUS.

District Court, D. New Jersey. December 29, 1928.

Gross & Gross, of Jersey City, N. J., for bankrupt.

Furst & Furst, of Newark, N. J., for trustee.

RELLSTAB, District Judge. Nathan Marcus was adjudicated a bankrupt on his petition. Pursuant to the order of the referee, made at the request of the bankrupt and the attorney of the trustee, the trustee conducted the business theretofore carried on by the bankrupt. While the business was being so conducted, the bankrupt offered a composition at the rate of 50 cents on the dollar, totaling, as then calculated, a little more than $60,000. After taking testimony, the referee recommended that the composition be confirmed, and, among other things, fixed the trustee's commissions at $667.10, and directed that the bankrupt deposit $600 to meet contingencies. The bankrupt added these sums to his deposit to carry out the composition, and thereupon filed exceptions to the referee's action in respect to these items.

Subsequently, certain of the creditors filed specifications opposing the confirmation of the proposed composition, and the issues raised thereon are now before the referee.

█ *I. As to the trustee's commissions:*

The referee certified that he calculated the amount of the trustee's commissions by allowing him fifty cents for each claim and "double commissions on the amount realized from the operation of the business."

In support of his contention against this allowance, the bankrupt relies solely upon the limitations contained in section 48e of the Bankruptcy Act (11 USCA § 76(e). This section, after fixing commissions in cases where the business of the bankrupt is conducted by trustees, marshals, or receivers, which commissions are there declared to be "additional compensation for such services,"

provides "that in case of the confirmation of a composition such commissions shall not exceed one-half of one per centum of the amount to be paid creditors on such composition." This proviso is effective only "in case of the confirmation of a composition," which has not taken place in this case and never may occur. The present commissions, as allowed, in the circumstances, are only tentative and do not possess that finality necessary to justify a review. In case the composition is confirmed, the exceptant may move for a reconsideration of this exception. Until then, a review of the allowances is premature and will not be entertained.

██ *II. As to the contingent fund:*

In the judgment of the referee, this fund was required to pay the claims of any creditors not scheduled by the bankrupt, and who *should of right share in the proposed composition.* No statute, general order, or rule of court requires this deposit. However, it has always been the practice in this district to demand it.

The failure by bankrupts to schedule all proper claims against them, is not so infrequent as to justify a ruling preventing a demand for such a fund in all cases. In what cases a fund of that character should be required, must be left to the sound discretion of the referee, and his demand therefor will be disapproved only when its unreasonableness is made manifest. The amount required in the instant case, a trifle less than 1 per cent. of the total amount offered to compose the debts, cannot be said to be so unreasonably large as to justify this court in setting it aside.

An order in accordance with these views may be submitted.